IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KELLY ARMSTRONG,

                Plaintiff,                OPINION AND ORDER

v.

                                            22-cv-329-wmc

BROWNS LIVING, LLC.

                Defendants.

Plaintiff Kelly Armstrong's former employer, defendant Browns Living, LLC, fired her shortly after she requested accommodation for her anxiety and her supervisor told her that a black woman would be a "better fit" for Armstrong's position. In this suit, Armstrong claims that Browns failed to accommodate her disability and wrongfully fired her in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. Browns moves to dismiss the complaint, contending that (1) Armstrong's claims are untimely; (2) her allegations fail to state a claim under § 1981; and (3) her claims are barred by a separation agreement she signed after her termination. For the reasons below, the court will deny the motion.

ALLEGATIONS OF FACT[1]

In January 2020, Armstrong began working for Browns Living, LLC, a management company for group homes for adults with disabilities. As Regional Director of Operations,

---

[1] The following facts are drawn from plaintiff's complaint. (Dkt. #1.) In resolving a motion to dismiss under Rule 12(b)(6), the court takes all the factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

Armstrong was responsible for managing seven group homes and approximately 100 employees.

On March 21, 2020, Armstrong called her immediate supervisor, Kelli Smith, to request that any performance evaluations be given to her in writing. In making her request, Armstrong explained that: (1) she experienced anxiety; (2) she was concerned her anxiety was affecting her performance; and (3) she wanted to receive feedback in writing, so that she could digest it before speaking to Smith. Smith responded that she had no concerns about Armstrong's performance, and there was no need to discuss Armstrong's request.

A few days later, Armstrong spoke with Browns' owner, Merlin Brown, to report that she felt a "noticeable worsening" of Smith's attitude toward her after she requested advance performance feedback in writing. (Compl. (dkt. #1) ¶ 425.) Brown responded that he would talk to Smith, and the next day, Smith mentioned to Armstrong that she had spoken with Brown. Armstrong says that Smith sounded upset, and among things, shared her thought that Browns should bring in a black person to do Armstrong's job, ostensibly because a black person would be better able to form relationships with the employees. Armstrong, who is white, asked if Smith had any specific criticisms of Armstrong's performance. She did not identify any specific problems or concerns. Rather, she allegedly repeated her thought that Browns' employee community would "respond better to a black woman." (*Id.* ¶ 430.) The next day, April 1, 2020, Armstrong received an email terminating her employment.

2

OPINION

Browns has moved to dismiss Armstrong's complaint for three reasons: (1) Armstrong failed to file a timely charge of discrimination with the EEOC; (2) Armstrong's allegations do not state a claim under § 1981; and (3) Armstrong's claims are barred by an employment separation agreement. As explained below, the court disagrees as to all three.

I.   Timeliness of EEOC Charge

Before bringing a lawsuit under Title VII or the ADA, a plaintiff must file a charge of discrimination with the EEOC.  42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(a)(applying Title VII remedies and exhaustion procedures to the ADA).  A Wisconsin plaintiff has 300 days from the date of the conduct at issue to file an EEOC discrimination charge, with a charge filed beyond this deadline being deemed untimely. *Majors v. General Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013).  However, failure to file an administrative charge timely is an affirmative defense, and the burden of proof rests on the defendant.  *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009). Moreover, at the pleading stage, dismissal is appropriate only if defendant shows that it is obvious from plaintiff's pleading that she failed to file a timely EEOC charge. *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010).

Here, Armstrong's complaint says nothing about the timing of her EEOC charge. Rather, Browns asks the court to take judicial notice of a "charge of discrimination" form filed with its motion to dismiss.  (Dkt. #9-1.)  The form is dated August 30, 2021—516 days after Armstrong's termination.  Browns argues that because Armstrong's EEOC charge was obviously untimely, the court should dismiss her Title VII and ADA claims.

3

Even if the court could properly take judicial notice of this document, however, it would be insufficient to prove that Armstrong's charge of discrimination was untimely on her pleadings because Browns fails to address other, significant facts relevant to the timeliness of Armstrong's EEOC charge. Specifically, in response to Browns' motion, Armstrong submitted evidence that she had completed an online "charge of discrimination" with the EEOC on January 12, 2021, which would move her within the 300-day window, though barely. Armstrong also maintains that the EEOC considers timely charge of discrimination, albeit "unperfected." (Dkt. #15-6.). Moreover, there is no dispute that the EEOC notified Browns in April 2021 of Armstrong's having filed a charge of discrimination, stating that it had failed to provide notice sooner due to "administrative error." (Dkt. #15-8.) Finally, in August 2021, the EEOC contacted Armstrong to obtain information to perfect her charge, again apologizing for its delay. (Dkt. #15-9.) Ultimately, Browns also received a notice of Armstrong's perfected charge on August 30, 2021.

Armstrong argues that her initial EEOC online charge qualified as a "timely charge" for purposes of § 2000e-5(e) and § 12117(a), and her later additions related back to that original, timely charge. *See* 29 C.F.R. § 1601.12(b) (claimant may amend charge to "cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations … [including] alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge," with amendments to "relate back to the date the charge was first received").

4

Despite Browns not disputing that it received notice in April 2021 of Armstrong's filing of a charge of discrimination in January 2021, Browns failed to address any of these additional facts or arguments related to them in its motion to dismiss. Browns has also failed to develop any independent arguments as to why Armstrong's original January 2021 charge would not serve to preserve her claim. Accordingly, the court declines to hold under the generous review of pleadings and the seemingly undisputed additional facts introduced that Browns has not met its burden to show that Armstrong's claims are untimely.

## II.        §1981 claim

Next, Browns argues that Armstrong cannot sue under 42 U.S.C. §1981 because: (1) she is not a member of a racial minority; and (2) she has not pleaded any deprivation in making and enforcing a contract. However, § 1981 prohibits race discrimination against anyone based on skin color, including white or Caucasian, *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 820 (7th Cir. 2006); and Armstrong's allegation that she had an employment relationship with Browns is sufficient to plead a contractual basis for race discrimination under § 1981. *See Walker v. Abbott Lab'ys*, 340 F.3d 471, 476 (7th Cir. 2003). Accordingly, the court must reject defendant's motion to dismiss Armstrong's § 1981 claim for failure to state a claim as well.[2]

---

[2] In its reply brief, Browns argues that Armstrong also failed to plead the necessary elements of a reverse discrimination claim. However, this court does not consider arguments raised for the first time in a reply brief. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (arguments raised for the first time in a reply brief are waived).

### III. Separation Agreement

Finally, Browns contends that Armstrong's claims are barred because she waived and released all claims relating to her employment by Browns in a separation agreement that she signed voluntarily after her termination. Under that agreement, Armstrong received approximately $10,000 in exchange for releasing the company from legal claims relating to her employment with Browns. However, once again, the separation agreement was not mentioned in or attached to the complaint; still, Browns argues that this court should take judicial notice of the separation agreement and dismiss Armstrong's claims as barred by the agreement.

For her part, Armstrong contends that Browns breached her separation agreement by providing a negative reference to a potential employer. In particular, after Armstrong failed to receive a job offer, she hired someone to pose as a potential employer and call Browns to determine what type of reference it was providing. The investigating company reported to Armstrong that Browns had provided a reference that could be perceived as negative, from which she infers that Browns more likely than not provided a negative reference to other potential employers as well.

In reply, Browns advances several arguments as to why the court should disregard Armstrong's assertion that it breached the separation agreement or that Armstrong's lawsuit was justified based on what was, at most, a minor breach. However, the parties' arguments show why motions to dismiss under Rule 12(b)(6) should generally be resolved based only on the adequacy of the pleadings. Specifically, Browns' latest arguments depend on facts almost *wholly* outside the pleadings. Plus, Armstrong's response makes it

6

clear that Browns failed to provide the court with all the relevant information necessary to rule on a breach of contract claim. In particular, Browns omitted completely the fact that Armstrong notified Browns as early as November 2020 that it breached the separation agreement. Thus, the court cannot resolve this claim based on an undeveloped record, and Browns' motion to dismiss must be denied in full.

ORDER

IT IS ORDERED that defendant Browns Living, LLC's motion to dismiss (dkt. #6) is DENIED.

Entered June 16, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge